```
                 IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
              Plaintiff,          )
                                 )
      v.                          )    No. 10 CR 961
                                 )
VERNON CHAPMAN,                   )
                                 )
              Defendant.          )
```

<u>MEMORANDUM OPINION AND ORDER</u>

In criminal cases there is an inherent tension between (1) the general Fed. R. Evid. ("Rule") 404(b) prohibition against the admissibility of evidence of a defendant's earlier similar crimes and (2) the admissibility of such evidence when defendant seeks to advance an entrapment defense. In the former situation, the law's desire to avoid the possibility that a defendant might be convicted for something he or she had done in the past rather than for having committed the currently-charged offense--or to avoid the all-too-human inclination to believe that past criminal conduct enhances the likelihood of its repetition--has created the familiar bar against "propensity evidence." But in the latter situation, evidence of past criminal conduct--particularly (though not exclusively) conduct that antedated the initial contact with government agents that has triggered a claim of entrapment--is integral to the rejection of any notion of entrapment.

In this instance defendant Vernon Chapman ("Chapman") has

notified the government of his anticipated entrapment defense in his forthcoming trial. That has led to the government's motion in limine "regarding the relevance of certain evidence that it anticipates introducing into evidence in its rebuttal case," to which motion Chapman's counsel has filed a response.

There is a good deal of irony in defense counsel's responsive argument, for his memorandum follows its understandable invocation of the leading authority of <u>Jacobson v. United States</u>, 503 U.S. 540, 548 (1992) with an attempted reliance on last year's Seventh Circuit decision in <u>United States v. Hicks</u>, 636 F.3d 1063 (7th Cir. 2011). In point of fact, the analysis in <u>Hicks</u>, <u>id</u>. at 1071-72 squarely supports the government's position rather than Chapman's.

Look at <u>Hicks</u>' introduction to the court's analysis (<u>id</u>. at 1071):

> Evidence of prior convictions is admissible to prove predisposition in an entrapment case, but, again, the government may not introduce propensity evidence unless the defendant places the issue of entrapment into controversy.

That statement is followed by a discussion of the limited circumstances under which such evidence may perhaps be admissible as part of the government's case in chief following a defendant's preview of coming attractions, followed in turn by this statement that describes precisely what the government contemplates here (<u>id</u>. at 1072):

The proper course of action would have been for the government to offer the convictions after Hicks's entrapment defense materialized, either during cross-examination or during its rebuttal case.

In short, the Hicks opinion might well have been written in support of the government's position here. And it is scarcely an outlier--see such cases as United States v. Lewis, 641 F.3d 773, 783 (7th Cir. 2011) and United States v. Emerson, 501 F.3d 804, 812 (7th Cir. 2007).

Although the principal focus of Chapman's response is a challenge to the admissibility of Chapman's 2008 conviction (based on his conduct from December 2006 to June 2007), the same analysis also calls for the admissibility of the government's other propensity evidence in rebutting Chapman's entrapment defense. Accordingly the government's motion in limine is granted in its entirety.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 27, 2012